**MARK STEGER SMITH**
Assistant U.S. Attorney
U.S. Attorney's Office
2601 2nd Ave. North, Suite 3200
Billings, MT 59101
Phone: (406) 247- 4667
FAX: (406) 657- 6058
Email: mark.smith3@usdoj.gov

**JOHN M. NEWMAN**
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
105 E. Pine, 2nd Floor
Missoula, MT 59802
Phone: (406) 829-3336
FAX: (406) 542-1476
Email: john.newman@usdoj.gov

**ATTORNEYS FOR DEFENDANT**
**UNITED STATES OF AMERICA**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### MISSOULA DIVISION

| | |
|---|---|
| **BUFFALO FIELD CAMPAIGN,**<br><br>    Plaintiff,<br>  vs.<br><br>**UNITED STATES DEPARTMENT OF THE INTERIOR, NATIONAL PARK SERVICE,**<br><br>    Defendant. | **CV 19-165-M-DWM**<br><br>**STIPULATED FEE SETTLEMENT AGREEMENT** |

Plaintiff Buffalo Field Campaign ("Plaintiff") and Federal Defendants Unites States Department of the Interior, National Park Service, et al. ("Federal Defendants") enter into the following Stipulated Fee Settlement Agreement ("Agreement") and state as follows:

WHEREAS, Plaintiff's lawsuit alleges violations of the Freedom of Information Act ("FOIA"), see ECF No. 1 ¶¶ 1-2, 38-50, stemming from the Federal Defendants' responses to Plaintiff's June 20, 2018 FOIA request;

WHEREAS, on July 7, 2020, the District Court granted in part and denied in part Plaintiffs' motion for summary judgment. See ECF No. 25;

WHEREAS, on July 31, 2020, the parties filed a joint status report noting Plaintiffs desire to seek payment of attorney fees and other litigation costs under FOIA (5 U.S.C. §552(a)(4)(E)(i)), and agreeing to submit by October 5, 2020 a stipulation for dismissal, a new status report, or Plaintiff's fee petition. See ECF No. 27. The Court adopted this proposed schedule on August 7, 2020. See ECF No. 28;

WHEREAS, ON August 5, 2020, Federal Defendants produced to Plaintiff various documents pursuant to the Court's July 7, 2020 order, in full and complete satisfaction of that order;

WHEREAS, the parties hereby stipulate to the dismissal of Plaintiff's Complaint, and the parties have reached an agreement that obviates the need for any litigation regarding Plaintiff's fees and costs, as set forth below.

NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES AS FOLLOWS:

1. The parties hereby stipulate to the dismissal with prejudice of all claims in Plaintiff's Complaint.

2. Federal Defendants agree to pay the lump sum of thirty two thousand dollars ($32,000.00) in full and complete satisfaction of any and all claims, demands, rights, and causes of action pursuant to the FOIA, 5 U.S.C. §552(a)(4)(E)(i), and/or any other statute and/or common law theory, for all attorneys' fees, costs, and expenses incurred by Plaintiff in this litigation.

3. Plaintiff agrees to forego filing any motion for attorney fees and costs in the above-captioned matter.

4. Federal Defendants shall make the payment required by Paragraph 1 by electronic funds transfer to Pacific Coast Banker's Bank, for credit to Summit Bank, for final credit to the Law offices of Charles M. Tebbutt, P.C., Lawyer Trust Account.

5. Plaintiff has furnished Federal Defendants with the information necessary to effectuate the payment required by Paragraph 1 of this stipulation. Federal

Defendants agree to submit necessary paperwork for the processing of the attorneys' fees award to the Department of Treasury's Judgment Fund Office within 10 business days of the Court's approval of this Agreement or order dismissing the case, whichever is sooner.

6. Plaintiff agrees to accept Federal Defendants' payment of $32,000.00 in full satisfaction of any and all claims for attorneys' fees and costs of litigation incurred in this matter to date.  Plaintiff agrees that receipt of this payment from Federal Defendants shall operate as a release of Plaintiff's claims for attorneys' fees and costs in this matter to date.

7. Except for the obligations specifically required under this Settlement Agreement, Plaintiff agrees to hold harmless Federal Defendants in any litigation, further suit, or claim arising from the payment of the agreed-upon $32,000.00 settlement amount, including any claims that may arise as to any apportionment of the payment amount to Plaintiff and Plaintiff's counsel.

8. Plaintiff acknowledges that under 31 U.S.C. §§3711, 3716, 26 U.S.C. §6402(d), 31 C.F.R. §§285.5, 901.3, and other authorities, the United States will offset against the attorney fee award Plaintiff's delinquent debts to the United States, if any.  See *Astrue v. Ratliff*, 560 U.S. 586 (2010).

9. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Federal Defendants are obligated to pay any funds

exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other appropriations law.

10. This Settlement Agreement does not represent an admission by Plaintiff or Federal Defendants to any fact, claim, or defense in any issue in this lawsuit. This Settlement Agreement has no precedential value and shall not be used as evidence of such in any other matter.

11. This Agreement shall be binding on the parties and their successors, agents, designees, employees, and all those acting by and through their authority. The parties agree that this Stipulation was negotiated in good faith and that this Stipulation constitutes a resolution of claims that were denied and disputed by the parties. By entering into this Stipulation, the parties do not waive any claim or defense.

12. The undersigned representatives of each party certify that they are fully authorized by the parties they represent to agree to the terms and conditions of this Stipulation and do hereby agree to the terms herein.

RESPECTFULLY SUBMITTED this 25th day of September, 2020.

        **KURT G. ALME**
        **United States Attorney**

        **/s/ MARK STEGER SMITH**
        **Assistant U.S. Attorney**
        **Attorney for Defendants**

        **/s/ DANIEL C. SNYDER** (*via email permission*)
        **Law Offices of Charles M. Tebbutt, P.C.**
        **Attorney for Plaintiff**